## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.  05-440** |
| : | |
| **v.** | |
| : | |
| **ALTON COLES,** | |
|     a/k/a "Ace,"      : | |
|     a/k/a "Ace Capone," | |
|     a/k/a "Fat Boy,"    : | |
|     a/k/a "Naseem Coles," | |
|     a/k/a "Lamar Johnson,"  : | |
|     a/k/a "Naiil Johnson" | |
| **AL ZUAGAR,**    : | |
|     a/k/a "Zu," | |
|     a/k/a "Alfonso Zuagar,"  : | |
|     a/k/a "Junior Zuagar" | |
| **CHARLTON CUSTIS,**    : | |
|     a/k/a "Gusto" | |
| **KEENAN BROWN,**    : | |
|     a/k/a "Nino Brown," | |
|     a/k/a "Dot"    : | |
| **ROBERT COOPER,** | |
|     a/k/a "O.G.,"    : | |
|     a/k/a "Robert Hall" | |
| : | |

### MOTION OF THE UNITED STATES
### TO HAVE CAPTIONED CASE DECLARED
### COMPLEX AND MOTION FOR SPECIAL LISTING

The United States of America, through its attorneys, Patrick L. Meehan, United

States Attorney in and for the Eastern District of Pennsylvania, Richard A. Lloret, Curtis R.

Douglas and Michael J. Bresnick, Assistant United States Attorney, moves pursuant to 18 U.S.C.

§3161(h)(8)(A) to have the above-captioned case declared complex and also moves for a special

listing for the captioned case.  In support of this motion, the government states as follows:

1

1.    The indictment charges five defendants and consists of 16 counts, including a conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack"), substantive drug and firearms charges relating to the conspiracy, and forfeiture.  At present one of the defendants, Robert Cooper, is a fugitive.  The rest of the defendants have either received initial appearances or are expected to in the near future.

2.    The charges in the indictment are based upon a long-term investigation conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Internal Revenue Service/Criminal Investigation Division ("IRS-CID"), the Philadelphia Police Department, and the Drug Enforcement Administration.  The indictment involves more than two dozen narcotics investigations, searches, seizures, arrests, recorded telephone conversations and controlled transactions spanning five years, from 2000 until 2005.  The government anticipates calling approximately 50 law enforcement witnesses at the trial of this case, including narcotics officers, laboratory technicians, firearms experts, and federal agents, who will testify about more than dozens of separate incidents, reflected in part in the overt acts section of the superseding indictment.  There will also be numerous non-law enforcement witnesses.  The overt acts listed in the indictment do not comprehend all of the overt acts committed during the course of, and in furtherance of, this conspiracy.

3.    Scores of pretrial motions are expected to be filed by the five defendants, as the voluminous discovery materials are prepared, submitted to, and reviewed by the various defense attorneys who will be involved in this case.  All of the defendants face statutory minimum sentences of ten years and statutory maximum sentences of life imprisonment, together with Sentencing Guideline imprisonment ranges between 20 years and life imprisonment.

4.      The government's continuing investigation into the operation of this conspiracy has yielded burgeoning evidence which may result in additional charges and defendants, from which the government would anticipate additional pretrial motions.

5.      This case is unusual and complex due to the number of defendants, the nature of the prosecution, and the nature and quantity of evidence, so that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. §3161 *et seq*.  These factors outweigh the public and the defendants' interest in a speedy trial.

6.      Based on counsel for the government's experience in United States v. Carter, 02-172, which ultimately involved a third superseding indictment containing 135 counts against 37 defendants, the government anticipates that discovery in this case will eventually exceed 10,000 pages of documents, in addition to hundreds of items of tangible evidence and many transcripts of recorded conversations.  The government also anticipates engaging in numerous proffers and/or plea negotiations.   It is anticipated that with additional, appropriate, time, many of the charges against the defendants may be resolved via non-trial dispositions.

7.      A special listing would facilitate the orderly trial of the captioned case in view of the number of witnesses and defendants, by insuring that no attorneys have conflicting commitments.

WHEREFORE, the United States respectfully requests that its motion to have the captioned case declared complex, and its motion for a special listing be granted.

Respectfully submitted,

PATRICK L. MEEHAN
*United States Attorney*

_____

RICHARD A. LLORET
*Assistant United States Attorney*

_____

CURTIS R. DOUGLAS
*Assistant United States Attorney*

_____

MICHAEL J. BRESNICK
*Assistant United States Attorney*

4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by electronic filing and fax on the

following defense counsel:

Joseph M. Marrone
1525 Locust Street, 12th Floor
Philadelphia, PA 19102
Phone: 215 732 6700
Fax: 215 732 7660
      Counsel for defendant Alton Coles

Robert F. Simone
One Franklin Town Boulevard, Suite 1604
Philadelphia, PA 19103
Phone: 215 567-0955
Fax: 215 567-1430
Email: Bobbyinphl@hotmail.com
      Counsel for defendant Alton Coles

Christopher G. Furlong
22 East Third Street
Media, PA 19063
Phone: 484 621-0050
Fax: 484 621-0052
      Counsel for defendant Keenan Brown

L. Felipe Restrepo, Esq.
Krasner & Restrepo
239 South Camac Street
Philadelphia, PA 19107
Phone: 215 731-9500
Fax: 215 731-9907
Email: restrepo@netreach.net
      Counsel for defendant Al Zuagar


                                RICHARD A. LLORET
                                Assistant United States Attorney


Date: October 6, 2005

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.  05-440** |
| : | |
| **v.** | |
| : | |
| **ALTON COLES,** | |
| a/k/a "Ace," : | |
| a/k/a "Ace Capone," | |
| a/k/a "Fat Boy," : | |
| a/k/a "Naseem Coles," | |
| a/k/a "Lamar Johnson," : | |
| a/k/a "Naiil Johnson" | |
| **AL ZUAGAR,** : | |
| a/k/a "Zu," | |
| a/k/a "Alfonso Zuagar," : | |
| a/k/a "Junior Zuagar" | |
| **CHARLTON CUSTIS,** : | |
| a/k/a "Gusto" | |
| **KEENAN BROWN,** : | |
| a/k/a "Nino Brown," | |
| a/k/a "Dot" : | |
| **ROBERT COOPER,** | |
| a/k/a "O.G.," : | |
| a/k/a "Robert Hall" | |
| : | |

## ORDER DECLARING
## CAPTIONED CASE DECLARED
## COMPLEX, AND SPECIALLY LISTING TRIAL

The United States of America has moved, pursuant to 18 U.S.C. §3161(h)(8)(A) to

have the above-captioned case declared complex, and also moved for a special listing for the

captioned case.  The court finds as follows:

1.    The superseding indictment charges five defendants and consists of 16

counts, including a conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more

of cocaine base ("crack"), substantive drug and firearms charges relating to the conspiracy, and

forfeiture.

2.    The charges in the indictment are based upon a long-term investigation conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Internal Revenue Service/Criminal Investigation Division ("IRS-CID"), the Philadelphia Police Department, and the Drug Enforcement Administration.  The indictment involves dozens of separate instances, including searches, seizures, arrests, recorded telephone conversations and controlled transactions spanning five years, from 2000 until 2005.  The government anticipates calling approximately 50 law enforcement witnesses at the trial of this case, including narcotics officers, laboratory technicians, firearms experts, and federal agents, who will testify about more than two dozen different law enforcement operations, reflected in the overt acts section of the superseding indictment.  There will also be numerous non-law enforcement witnesses.

3.    Scores of pretrial motions are expected to be filed by the five defendants, as the voluminous discovery materials are prepared, submitted to, and reviewed by the various defense attorneys who will be involved in this case.  All of the defendants face mandatory minimum sentences of ten years or more, up to life imprisonment, and sentencing guideline ranges of 20 years up to life imprisonment.

4.    The government's expects to continue with its investigation into the operation of this conspiracy, which is likely to result in additional charges and defendants, and additional pretrial motions.  Based on the government's estimates, discovery in this case is likely to exceed 10,000 pages of documents, together with volumes of tangible evidence.

5.    This case is unusual and complex due to the number of defendants, the nature of the prosecution, and the nature and quantity of evidence, so that it is unreasonable to

expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. §3161 *et seq*.  These factors outweigh the public and the defendants' interest in a speedy trial.

6.     A special listing would facilitate the orderly trial of the captioned case in view of the number of witnesses and defendants, by insuring that no attorneys have conflicting commitments.

7.     For the reasons stated above, the ends of justice will be served by granting a continuance beyond the time limits established by the Speedy Trial Act.  The ends of justice served by this Order outweigh the best interest of the public and the defendants in a speedy trial.

Based upon the foregoing, it is this ____ day of October, 2005

ORDERED,

pursuant to 18 U.S.C. §3161(h)(8)(A), that the captioned case is continued beyond the time limits

established by the Speedy Trial Act.  It is FURTHER ORDERED, that this case is specially listed

for a status conference on the ___ day of _____, 2005, at which time the court will

establish a pre-trial discovery and trial schedule in this matter.

BY THE COURT:

_____
HONORABLE R. BARCLAY SURRICK
*Judge, United States District Court*

10