AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
         Sheet 1

# UNITED STATES DISTRICT COURT
Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| KEENAN BROWN | Case Number: DPAE2:05CR000440-004 |
| | USM Number: 60002-066 |

**Date of Original Judgment:** 5/7/2009
(Or Date of Last Amended Judgment)

Dana Bazelon, Esq.
Defendant's Attorney

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☒ Direct Motion to District Court Pursuant ☒ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☒ was found guilty on count(s) 9 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21:841(a)(1), (b)(1)(B) | Distribution and possession with intent to distribute cocaine or cocaine base ("crack") | 5/25/2005 | 9 |

The defendant is sentenced as provided in pages 2 through 11 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) 1 and 11 ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/13/2015
Date of Imposition of Judgment

Signature of Judge

R. Barclay Surrick, U.S. District Judge
Name and Title of Judge

March 13, 2015
Date

| | |
|---|---|
| DEFENDANT: | KEENAN BROWN |
| CASE NUMBER: | 05-440-04 |

Judgment — Page 2 of 11

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of
On Count 9, 132 months. This is a total term of incarceration of 132 months. Defendant shall receive credit for time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
         Sheet 3 — Supervised Release                                                           (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3 of 11

DEFENDANT:    KEENAN BROWN
CASE NUMBER:    05-440-04

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
On Count 9, 4 years. This is a total period of supervised release of 4 years.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case  
Sheet 3A — Supervised Release                                                     (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 11

DEFENDANT: KEENAN BROWN  
CASE NUMBER: 05-440-04

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug and alcohol treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

2. The Court recommends consideration for the Reentry Program.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
       Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page  5  of  11

DEFENDANT: KEENAN BROWN
CASE NUMBER: 05-440-04

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $ 0.00   | $ 0.00          |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

TOTALS    $ _____    $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments                                                        (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   6   of   11

DEFENDANT:       KEENAN BROWN
CASE NUMBER:     05-440-04

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☒ Lump sum payment of $ __100.00__ due immediately, balance due
      ☐ not later than _____ , or
      ☐ in accordance with ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
    SEE PAGES 7 THROUGH 11 OF THIS JUDGMENT.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

DEFENDANT: KEENAN BROWN
CASE NUMBER: 05-440-4

Judgment—Page 7 of 11

# ADDITIONAL FORFEITED PROPERTY

I. Personal Forfeiture Money Judgment

    a. A personal forfeiture money judgment in the amount of $25,200,000 is entered against the defendant in favor of the United States for which defendant is jointly and severally liable, the Court finding that this amount represents the value of the property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses of conviction.

II. Specific Properties Subject to Forfeiture

    a. A Baikal, Model IJ-70, .380 caliber semi-automatic pistol, serial number A013845, loaded with four live rounds of ammunition;

    b. A Ruger, Model GP100, .357 caliber revolver, serial number 1790-73433, loaded with six live rounds of ammunition;

    c. A Ruger, Model P93DC, 9 millimeter pistol, serial number 306-01790, loaded with 12 live rounds of ammunition;

    d. A Radom, Model 35, caliber 9 millimeter, semi-automatic pistol, serial number A8512;

    e. A Baretta, caliber 9 millimeter, semi-automatic pistol, serial number 082733MC, loaded with seven rounds of live ammunition;

    f. A silver and black Smith & Wesson 9 millimeter semi-automatic handgun, serial number TEU8998, loaded with four rounds of live ammunition;

    g. A Glock, Model 23, caliber .40 Smith & Wesson, semi-automatic

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

DEFENDANT: KEENAN BROWN
CASE NUMBER: 05-440-4

Judgment—Page 8 of 11

## ADDITIONAL FORFEITED PROPERTY

      pistol, serial number AFB794US loaded with 9 rounds of live ammunition;

h. Ingram 9 millimeter semi-automatic handgun, Model M11, serial number 85-0006193, loaded with 29 live rounds of 9 millimeter ammunition;

I. Full Metal Jacket 9 millimeter semi-automatic handgun, Model CM-11, serial number obliterated, loaded with 30 live rounds of 9 millimeter ammunition;

j. Taurus .38 caliber revolver, Model 85, serial number SE28453, loaded with 5 live rounds of .38 caliber ammunition;

k. Smith & Wesson 9 millimeter semi-automatic handgun, Model 910, serial number VKN4799, loaded with 10 live rounds of ammunition;

l. Auto Ordnance .45 caliber semi-automatic handgun, Model 1911 A1, serial number AOC43338, loaded with seven live rounds of ammunition;

m. .223 caliber Ruger rifle, Model Mini-14, serial number 186-76850;

n. Mossberg 12-gauge shotgun, Model 500A, serial number P219487, and two 12-gauge rounds of live ammunition;

o. 9 millimeter Hi-Point rifle, Model 995, serial number A80874, loaded with 10 live rounds of 9 millimeter ammunition;

p. 9 millimeter Intratec semi-automatic handgun, Model Tec-DC9, serial number obliterated;

q. 9 millimeter Leinad semi-automatic handgun, serial number 94-0019957, and a magazine containing 32 live rounds of 9 millimeter ammunition;

r. .22 caliber Stoeger Arms semi-automatic handgun, Model .22 caliber Luger, serial number 31336, loaded with 11 live rounds of .22 caliber ammunition;

s. .357 Dan Wesson handgun, Model .357 Magnum revolver, serial number 27755, loaded with six live rounds of ammunition;

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

| | |
|---|---|
| DEFENDANT: KEENAN BROWN | Judgment—Page 9 of 11 |
| CASE NUMBER: 05-440-4 | |

## ADDITIONAL FORFEITED PROPERTY

t. 9 millimeter Smith & Wesson semi-automatic handgun, Model SW9M, serial number KAA2149;

u. .22 magnum Davis Industries handgun, Model DW-22, serial number 210164, and one live round of .22 caliber ammunition;

v. 9 millimeter Feg semi-automatic handgun, Model PJK-9HP, serial number B92735, loaded with 2 live rounds of 9 millimeter ammunition;

w. Glock 9 millimeter semi-automatic handgun, Model 19, serial number GM253US, loaded with 16 live rounds of 9 millimeter ammunition;

x. 377 additional live rounds of 9 millimeter ammunition;

y. 6 additional live rounds of .357 ammunition; and

z. 1 additional live round of .22 caliber ammunition;

aa. One Jennings, Model Jennings Nine, nine millimeter semi-auto pistol, serial number 1312329, with three live rounds of ammunition;

bb. One Jennings, Model 38, .32 semi-automatic pistol, serial number 1172210;

cc. One Dan Wesson Arms, Model F-Arms, .357 magnum revolver, serial number 304533, with five live rounds of ammunition;

dd. One Norinco, Model 1911A1, .45 semi-auto pistol, s/n 618962, with eight rounds of ammunition;

ee. One Mossberg, Model 500A, 12 gauge shotgun, s/n L606196, with six live rounds of ammunition;

ff. One Sturm Roger empty magazine;

gg. One box of 50 Federal .22 caliber cartridges;

hh. One box of UMC .40 caliber S&W, with nine rounds of ammunition;

ii. One box of Remington 12 gauge shot gun shells, with 12 shells;

jj. One box of Federal .22 caliber, with 38 cartridges;

AO 245B (Rev 06/05) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Case 2:05-cr-00440-RBS    Document 1650    Filed 03/16/15    Page 10 of 11

DEFENDANT: KEENAN BROWN
CASE NUMBER: 05-440-4

Judgment—Page 10 of 11

## ADDITIONAL FORFEITED PROPERTY

kk.  One magazine containing seven .32 caliber cartridges;

ll.  One empty Glock gun box, for a Glock, Model 32, .357 caliber, serial number E MM544US;

mm.  One box of Speer .357 Sig ammunition, containing 29 cartridges;

nn.  One box, UMC .25 Auto ammunition, containing 41 cartridges;

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

DEFENDANT: KEENAN BROWN
CASE NUMBER: 05-440-4

Judgment—Page 11 of 11

## ADDITIONAL FORFEITED PROPERTY

oo. One box, American Eagle .380 Auto ammunition, containing 11 cartridges.

pp. One Smith and Wesson, Model CS9, 9 millimeter semi-automatic pistol, serial number EKY2026